# Exhibit "A"

Fill in this information to identify the case:

Debtor 1: Debra A Naddeo

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: EASTERN DISTRICT OF PENNSYLVANIA

Case number: 20-11230

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Cavalry SPV I, LLC as assignee of HSBC Consumer Lending USA Inc/Household Finance
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?**
☐ No
☒ Yes. From whom? HSBC Consumer Lending USA Inc

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Cavalry SPV I, LLC
500 Summit Lake Drive, Ste. 400
Valhalla, NY 10595
Contact phone: (800) 501-0909 x53450
Contact email: bankruptcy@cavps.com

Where should payments to the creditor be sent? (if different)
Cavalry SPV I, LLC
P.O. Box 27288
Tempe, AZ 85282
Contact phone: (800) 501-0909 x53450
Contact email: bankruptcy@cavps.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
C P S C A V 2 0 1 1 2 3 0 P A P 5 0 8 8 3 3 4 6

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/_____ MM/DD/YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410 — Proof of Claim — page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?
   ☐ No
   ☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __3__ __3__ __4__ __6__

7. How much is the claim? $ __$15,878.19__
   Does this amount include interest or other charges?
   ☐ No
   ☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.
   
   CONSUMER LOAN

9. Is all or part of the claim secured?
   ☒ No
   ☐ Yes. The claim is secured by a lien on property.
   
   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____
   
   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)
   
   Value of property. $ _____
   Amount of the claim that is secured: $ _____
   Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)
   
   Amount necessary to cure any default as of the date of the petition: $ _____
   
   Annual Interest Rate (when case was filed) _____ %
   ☐ Fixed
   ☐ Variable

10. Is this claim based on a lease?
    ☒ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

11. Is this claim subject to a right of setoff?
    ☒ No
    ☐ Yes. Identify the property: _____

Official Form 410                                   Proof of Claim                                   page 2

| | | |
|---|---|---|
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  3/4/2020
                 MM / DD / YYYY

/s/ Karen Borgatti
Signature

Print the name of the person who is completing and signing this claim:

Name     Karen Borgatti
         First name       Middle name       Last name

Title    Bankruptcy Specialist

Company  Cavalry Portfolio Services, LLC
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  500 Summit Lake Drive, Ste. 400
         Number    Street
         Valhalla                         NY        10595
         City                             State     ZIP Code

Contact phone  (800) 501-0909 x53450      Email  _____

Official Form 410                 Proof of Claim                     page 3

## ASSIGNMENT AND BILL OF SALE

Seller, as defined in Exhibit D hereto ("Seller") has entered into an Account Purchase and Sale Agreement dated the 22 day of February, 2013 ("Agreement") for the sale of Accounts as defined in the Agreement to Cavalry SPV I, LLC (hereinafter called "Purchaser"), upon the terms and conditions set forth in that Agreement.

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, Seller hereby sells, assigns, and transfers to Purchaser, its successors and assigns, all of Seller's rights, title, and interest in each and every one of the Accounts described in the Agreement and the Account Schedule delivered to Seller in electronic file form in conjunction herewith and titled FINAL WARLHOUSE MD PA SALE FILE.

IN WITNESS WHEREOF, Seller has signed and delivered this instrument on the 8 day of March, 2013.

SELLER:
WITH REGARD TO THOSE HSBC ENTITIES
LISTED ON EXHIBIT D ATTACHED
HERETO AND MADE A PART HEREOF

By: *Darlene R. Mellott*
Printed Name: Darlene R. Mellott
Title: Vice President

RESTRICTED

# EXHIBIT D

Beneficial Credit Services Inc., a Delaware corporation
Beneficial Credit Services of Connecticut Inc., a Delaware corporation
Beneficial Credit Services of South Carolina Inc., a Delaware corporation
Beneficial Connecticut Inc., a Delaware corporation
Beneficial Consumer Discount Company, a Pennsylvania corporation
Beneficial Financial I Inc., a California corporation, on behalf of itself and as successor by merger to the following:

| | |
|---|---|
| Beneficial Alabama Inc. | Beneficial Arizona Inc. |
| Beneficial California Inc. | Beneficial Colorado Inc. |
| Beneficial Delaware Inc. | Beneficial Discount Co. of Virginia |
| Beneficial Finance Co. of West Virginia | Beneficial Finance Services, Inc. |
| Beneficial Georgia Inc. | Beneficial Hawaii Inc. |
| Beneficial Idaho Inc. | Beneficial Illinois Inc. |
| Beneficial Indiana Inc. | Beneficial Iowa Inc. |
| Beneficial Kansas Inc. | Beneficial Loan Corporation of Kentucky |
| Beneficial Management Corporation | Beneficial Management Institute, Inc. |
| Beneficial Maryland Inc. | Beneficial Mississippi Inc. |
| Beneficial Missouri, Inc. | Beneficial Montana Inc. |
| Beneficial Nebraska Inc. | Beneficial Nevada Inc. |
| Beneficial New Jersey Inc. | Beneficial New Mexico Inc. |
| Beneficial North Carolina Inc. | Beneficial Ohio Inc. |
| Beneficial Oklahoma Inc. | Beneficial South Carolina Inc. |
| Beneficial Texas Inc. | Beneficial Utah Inc. |
| Beneficial Vermont Inc. | Beneficial Virginia Inc. |
| Beneficial Washington Inc. | Beneficial Wisconsin Inc. |
| Beneficial Mortgage Co. of Arizona | Beneficial Mortgage Co. of Colorado |
| Beneficial Mortgage Co. of Connecticut | Beneficial Mortgage Co. of Georgia |
| Beneficial Mortgage Co. of Idaho | Beneficial Mortgage Co. of Indiana |
| Beneficial Mortgage Co. of Kansas, Inc. | Beneficial Mortgage Co. of Massachusetts |
| Beneficial Mortgage Co. of Maryland | Beneficial Mortgage Co. of Missouri, Inc. |
| Beneficial Mortgage Co. of Mississippi | Beneficial Mortgage Co. of North Carolina |
| Beneficial Mortgage Co. of Nevada | Beneficial Mortgage Co. of Oklahoma |
| Beneficial Mortgage Co. of South Carolina | Beneficial Mortgage Co. of Texas |
| Beneficial Mortgage Co. of Utah | Beneficial Mortgage Co. of Virginia |

Beneficial Florida Inc., a Delaware corporation, on behalf of itself and
    As successor by merger to Beneficial Mortgage Co. of Florida
Beneficial Kentucky Inc., a Delaware corporation
Beneficial Loan & Thrift Co., a Minnesota corporation
Beneficial Louisiana Inc., a Delaware corporation, on behalf of itself and
    As successor by merger to Beneficial Mortgage Co. of Louisiana
Beneficial Maine Inc., a Delaware corporation

Beneficial Massachusetts Inc., a Delaware corporation
Beneficial Michigan Inc., a Delaware corporation
Beneficial New Hampshire Inc., a Delaware corporation on behalf of itself and
  As successor by merger to Beneficial Mortgage Co. of New Hampshire
Beneficial New York Inc., a New York corporation
Beneficial Oregon Inc., a Delaware corporation
Beneficial Rhode Island Inc., a Delaware corporation, on behalf of itself and
  As successor by merger to Beneficial Mortgage Co. of Rhode Island
Beneficial South Dakota Inc., a Delaware corporation
Beneficial Tennessee Inc., a Tennessee corporation
Beneficial West Virginia, Inc., a West Virginia corporation
Beneficial Wyoming Inc., a Wyoming corporation
Household Finance Consumer Discount Company, a Pennsylvania corporation
Household Finance Corporation II, a Delaware corporation
Household Finance Corporation III, a Delaware corporation
Household Finance Corporation of Alabama, an Alabama corporation
Household Finance Corporation of California, a Delaware corporation
Household Finance Corporation of Nevada, a Delaware corporation
Household Finance Corporation of West Virginia, a West Virginia corporation
Household Finance Industrial Loan Company of Iowa, an Iowa corporation
Household Finance Realty Corporation of Nevada, a Delaware corporation
Household Finance Realty Corporation of New York, a Delaware corporation
Household Financial Center Inc., a Tennessee corporation
Household Industrial Finance Company, a Minnesota corporation
Household Industrial Loan Company of Kentucky, a Kentucky corporation
Household Realty Corporation, a Delaware corporation
HFC Company LLC, a Delaware corporation, as successor in interest to Household Recovery
  Services Corporation, a Delaware corporation
HSBC Credit Center, Inc., a Delaware corporation

************************



# Statement Of Account

Debra A Naddeo    385 UPLAND WAY    DREXEL HILL, PA 19026-1023

| | |
|---|---|
| **Principal Due** | $13,302.29 |
| **Interest Due** | $2,575.90 |
| **All Other Charges** | $0.00 |
| **Filing Amount** | $15,878.19 |
| **Name of the entity from whom the creditor purchased the account** | HSBC Consumer Lending USA Inc |
| **Name of the entity to whom the debt was owed at the time of the account holder's last transaction on the account** | HSBC Consumer Lending USA Inc/Household Finance |
| **Last Transaction Date** | 06/30/2009 |
| **Last Payment Date** | 06/30/2009 |
| **Account Charge Off Date** | 02/07/2010 |

## PERSONAL CREDIT LINE ACCOUNT AGREEMENT (Page 1 of 4)

**LENDER** (called "We", "Us", "Our")
HOUSEHOLD FINANCE CONSUMER DISCOUNT COMPANY
275 E. SWEDESFORD RD.
WAYNE PA 19087

**BORROWERS** (called "You", "Your")
NADDEO, DEBRA A
SS# ▮▮▮▮5088
385 UPLAND WAY
DREXIL HILL PA 19026

**LOAN NO:** ▮▮▮▮▮1297

| ON PORTION OF AVERAGE DAILY BALANCE | MONTHLY PERIODIC RATE | ANNUAL PERCENTAGE RATE: | CREDIT LIMIT | DATE OF LOAN |
|---|---|---|---|---|
| .01 AND OVER | 2.000 % | 24.000 % | 7800 | 11/10/05 |
| | | | INITIAL ANNUAL FEE | SUBSEQUENT ANNUAL FEE |
| | | | 50.00 | 50.00 |

In this Agreement, "you", "your" and "Borrower" mean the customer(s) who signs this Agreement. "We", "us", and "our" refer to Lender. This Agreement covers the terms and conditions of your Personal Credit Line Account. We want you to understand how your Personal Credit Line Account works. Read this carefully, ask us any questions, and if you agree to be bound by this Agreement, sign below. If more than one person signs, each will be responsible for repaying all sums advanced under this Agreement.

Your Credit Line Account is a revolving line of credit extended to you and secured as described below. You can obtain funds from your Personal Credit Line Account (up to your credit limit) directly from us or by using the special checks we supply to you. You may pay your total unpaid balance at any time or in installments.

---

REQUIRED INSURANCE. You must obtain insurance for term of loan covering security for this loan agreement as indicated by the word "YES" below, naming us as Loss Payee:

Physical damage insurance on vehicle listed under "Security" above, if "Y" appears under "Insured."
You may obtain any required insurance from anyone you choose.

NOTICE: SEE THE FOLLOWING PAGES FOR ADDITIONAL PROVISIONS AND IMPORTANT INFORMATION REGARDING YOUR RIGHTS TO DISPUTE BILLING ERRORS.

03-01-00
F NRE

ORIGINAL

PA056361

## PERSONAL CREDIT LINE ACCOUNT AGREEMENT (Page 2 of 4)

**Available Credit**: You may obtain funds directly from us or through your special checks up to your available credit. Each check must be written for at least $100.00. Your available credit is your credit limit (shown on page one) less the total unpaid balance, including Finance Charges, of your Account. If you make loan payments by check, we will adjust your available credit seven days after we receive your check to allow for check clearing. If you request funds in an amount that would cause you to exceed your available credit, we are not obligated to honor your request. If we do lend you an amount over your available credit, you agree to pay us that excess amount, plus Finance Charges, immediately.

**Promise to Pay**: You promise to pay Lender: (a) amounts borrowed under this Agreement; (b) Finance Charges, Administrative Charges (the late charge and bad check charge) and other charges provided in this Agreement; (c) credit insurance charges, if any; (d) collection costs permitted by applicable law, including reasonable attorneys' fees; and (e) amounts in excess of your credit limit that we may lend you, plus Finance Charges.

**Payments**: You may repay your entire outstanding balance at any time without penalty. You may not use your special checks to pay any amounts due under this Agreement. Because the Finance Charge is computed each day, you will contact us regarding the exact payoff amount for the day you intend to make full payment. If you do not pay the entire unpaid balance on your Account at once, you agree to pay at least the minimum payment shown on your monthly statement. Payments will be applied as follows: First, to any accrued but unpaid Finance Charges; Second, to any unpaid Administrative Charges (the late charge and bad check charge); Third, to any unpaid credit insurance charges; and Fourth, to the outstanding balance of your Account. Any part of your monthly payment to be applied to amounts borrowed on your Account will be applied to the amounts borrowed under your Personal Credit Line Account in the order in which the amounts were borrowed. Any part of your monthly payment to be applied to Finance Charges will be applied in the same manner.

**Minimum Monthly Payment**: The Minimum Monthly Payment for any billing cycle will be the greater of (1) the greater of $25 or the Payment Amount (as described below) plus any Administrative Charges and credit insurance charges, rounded to the nearest $1; or (2) the Finance Charges due for the billing cycle plus any Administrative Charges and credit insurance charges; or (3) the amount of the Annual Fee assessed to your Account. In each instance the Minimum Monthly Payment will be adjusted to include any unpaid amounts due from previous billing cycles.

The Payment Amount depends on the monthly periodic rate applicable to your Account, and is calculated as follows:

| Monthly Periodic Rate | Payment Amount |
|---|---|
| through 1.33% | 1.43% of Account Balance |
| over 1.33% through 1.45% | 1.55% of Account Balance |
| over 1.45% through 1.57% | 1.67% of Account Balance |
| over 1.57% through 1.70% | 1.80% of Account Balance |
| over 1.70% through 1.83% | 1.93% of Account Balance |
| over 1.83% through 1.95% | 2.00% of Account Balance |
| over 1.95% | 2.15% of Account Balance |

**Finance Charges**: This is the interest charged on the balance of your Account during each billing cycle. The Finance Charge is calculated from the date that each advance, check or charge is posted to your Account. The Finance Charge is computed by multiplying the average daily balance in your Account in each billing cycle times the monthly periodic rate stated on page one. The average daily balance is determined by totaling all daily unpaid balances in each billing cycle and dividing the total by the number of days in that cycle (but not less than thirty). A daily unpaid balance is the amount owed each day, excluding any unpaid Finance Charge, Administrative Charges, and credit insurance charges for prior billing cycles.

**Annual Fee**: You agree to pay an Annual Fee as stated on page one for participation in this revolving credit plan. The Initial Annual Fee is stated on page one and is due and payable on the date that your Account is established, and the subsequent Annual Fee stated on page one is due and payable on the same day of each subsequent year. You agree that this fee may be charged to your Account balance.

**Bad Check Charge**: If you pay by a check which is returned for any reason, you agree to pay a bad check charge of $20.

**Late Charge**: If you do not pay any required Minimum Monthly Payment within 15 days after it is due, you agree to pay a late charge of 10% of the Minimum Monthly Payment due or $20, whichever is greater (excluding any unpaid late charges and amounts due from prior billing cycles).

NOTICE: SEE THE FOLLOWING PAGES FOR ADDITIONAL PROVISIONS AND IMPORTANT INFORMATION REGARDING YOUR RIGHTS TO DISPUTE BILLING ERRORS.

03-01-00
F NRE

NADDEO    ORIGINAL    PA056362

**PERSONAL CREDIT LINE ACCOUNT AGREEMENT (Page 3 of 4)**

**Other Charges:** You agree to pay any amounts actually incurred by Lender for services rendered in connection with the Personal Credit Line Account for fees paid to public officials in connection with perfecting, recording, releasing or satisfying a security interest in the security. You agree that these fees may be charged to your Account balance.

**Exchange of Information:** You understand that from time to time we may receive credit information concerning you from others, such as stores, other lenders, and credit reporting agencies. You authorize us to share any information, on a regular basis, we obtain related to your Account, including but not limited to credit reports and insurance information, with any of our affiliated corporations, subsidiaries or other third parties. The uses of this information may include an inquiry to determine if you qualify for additional offers of credit. You also authorize us to share any information regarding your Account with any of our affiliated corporations, subsidiaries or other third parties. **You may prohibit the sharing of such information (except for the sharing of information about transactions or experiences between us and you) by sending a written request which contains your full name, Social Security Number and Address to us at P.O. Box 1547, Chesapeake, VA 23320.**

If you fail to fulfill the terms of your credit obligation, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you. You agree that our supervisory personnel may listen to telephone calls between you and our representatives in order to evaluate the quality of our service to you.

**Termination and Changes in the Agreement:** We can terminate your right to obtain additional advances or change the terms of this Agreement, including increasing the rate of Finance Charge at any time. Prior written notice will be given to you when required by applicable law unless you consent to the change before that time. Changes may apply to both new and outstanding balances unless prohibited by applicable law.

**Default and Cancellation of Agreement:** We have the right to require you to pay your entire balance plus all other accrued but unpaid charges immediately and/or to cancel your credit privileges under this Agreement because of:
   (a) failure to make any payments in full when due under this Agreement;
   (b) frequent overdrawing of your line of credit;
   (c) failure to supply us with any information requested;
   (d) supplying us with misleading, false, incomplete or incorrect information;
   (e) breaking any of the promises, terms or conditions that are contained in this Agreement;
   (f) the filing of a bankruptcy petition by or against you;
   (g) the death of any borrower who signs this Agreement; or
   (h) the sale or transfer of any interest in the property securing this agreement (this includes the creation of a subordinate lien).

After default, you will pay our court costs, reasonable attorney fees (if attorney is not our salaried employee), and other collection costs related to the default, if not prohibited by applicable law.

Any balance outstanding under this Agreement when the credit limit is terminated will continue to accrue interest at the contract rate until paid in full.

## YOUR BILLING RIGHTS
## KEEP THIS NOTICE FOR FUTURE USE

This notice contains important imformation about your rights and Lender's responsibilities under the Fair Credit Billing Act.

**Notify Lender In Case of Errors or Questions About Your Bill**

If you think your bill is wrong, or if you need more information about a transaction on your bill, write Lender on a separate sheet at the address listed on your bill after the words: "Send your billing error notice to: (Lender's, name and address)." Write to Lender as soon as possible. Lender must hear from you no later than 60 days after Lender sent you the first bill on which the error or problem appeared. You can telephone Lender, but doing so will not preserve your rights.

NOTICE: SEE THE FOLLOWING PAGE FOR ADDITIONAL PROVISIONS AND IMPORTANT INFORMATION REGARDING YOUR RIGHTS TO DISPUTE BILLING ERRORS.

03-01-00
F NRE



PA056363

ORIGINAL

PERSONAL CREDIT LINE ACCOUNT AGREEMENT (Page 4 of 4)

In your letter, give Lender the following information:

- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

### Your Rights and Lender's Responsibilities After Lender Receives Your Written Notice

Lender must acknowledge your letter within 30 days, unless Lender has corrected the error by then. Within 90 days, Lender must either correct the error or explain why Lender believes the bill was correct.

After Lender receives your letter, Lender cannot try to collect any amount you question, or report you as delinquent. Lender can continue to bill you for the amount you question, including finance charges, and Lender can apply any unpaid amount against your credit limit. You do not have to pay any questioned amount while Lender is investigating, but you are still obligated to pay the parts of your bill that are not in question.

If Lender finds that Lender made a mistake on your bill, you will not have to pay any finance charges related to any questioned amount. If Lender did not make a mistake, you may have to pay finance charges, and you will have to make up any missed payments on the questioned amount. In either case, Lender will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that Lender thinks you owe, Lender may report you as delinquent. However, if Lender's explanation does not satisfy you and you write to Lender within ten days telling Lender that you still refuse to pay, Lender must tell anyone Lender reports you to that you have a question about your bill. And, Lender must tell you the name of anyone Lender reported you to. Lender must tell anyone Lender reports you to that the matter has been settled between us when it finally is.

If Lender doesn't follow these rules, Lender can't collect the first $50 of the questioned amount, even if your bill was correct

**Alternative Dispute Resolution and Other Riders:** The terms of the Arbitration Agreement and any other Riders signed as part of this loan transaction are incorporated into this Agreement by reference.

**Applicable Law:** The terms and conditions of this Agreement will be governed by the provisions of the Pennsylvania Consumer Discount Company Act, Chapter 7, Sections 6201 through 6221, Purdon's Pennsylvania Statutes Annotated, particularly Section 6217.1.

Before signing this Agreement, you have read and received this Agreement and the Federal Truth-In-Lending disclosures contained in it.

You, the customer(s) signing below, agree to observe the terms and conditions of this Agreement.

This Agreement is entered under the applicable provisions of Federal law and the Pennsylvania Consumer Discount Company Act.

_____(SEAL)    _____(SEAL)
Customer Signature                          Customer Signature

Date: 11/10/05                              Date: _____

Witness: _____(SEAL)     _____(SEAL)

03-01-00
RL F NRE                                                                  PA056364



ORIGINAL

LOAN CLOSING STATEMENT    (Page 1 of 1)
REVOLVING LOAN VOUCHER

**CREDITOR**

HOUSEHOLD FINANCE CONSUMER DISCOUNT COMPANY
275 E. SWEDESFORD RD.
WAYNE PA 19087

**BORROWERS**                                           LOAN NO:  ▮▮▮▮ 1297
NADDEO, DEBRA A
385 UPLAND WAY
DREXIL HILL PA 19026

Borrowers agree to and direct the disbursements and Advance indicated below. If any estimated amount shown below varies from the actual amount paid, Borrowers agree to the disbursement of the actual amount and a corresponding change to the Advance shown below. Borrowers agree that this Advance is made under Borrowers' Revolving Loan Agreement (account number shown above.)

TO: HFC ON ACCOUNT NUMBER ▮▮▮▮ 9893 .................................................. $   2252.73
Initial Annual Fee ............................................................................................ $     50.00
CASH OR CHECK TO BORROWER ...................................................................... $   1097.27
TOTAL ADVANCE(S) .......................................................................................... $   3400.00

BORROWERS: _Debra A Naddeo_ (signature)

08-26-04
RL Voucher                                                                                  ORIGINAL          PA137921

# LOAN SUMMARY
## Revolving Line of Credit

HFC
275 E. SWEDESFORD RD.
WAYNE, PA 19087

DEBRA A. NADDEO
385 UPLAND WAY
DREXIL HILL, PA 19026

Thank you for choosing HFC for your loan. We understand that obtaining a loan involves a lot of information and can be confusing at times. So we want you to borrow confidently, fully understanding your loan benefits and loan features.

Please review this summary information carefully, and also be certain to review your Revolving Loan Agreement and disclosures for more specific details. Ask us any questions you may have. We will answer all of them and work together with you to ensure your complete understanding and satisfaction.

| Initial Advance | $3,400.00 | Credit Limit | $7,800.00 |
|---|---|---|---|
| Loan Origination Fee (Finance Charge) | NONE | Initial Annual Fee | $50.00 |
| ANNUAL PERCENTAGE RATE | 24.000% | | |

**Rate Type:** The interest rate on your loan is fixed and will not change from one billing cycle to the next.

**Prepayment Penalty:** Your loan does not contain a prepayment penalty.

**Insurance Protection:** You have selected the following optional insurance protection on your loan. Refer to your Optional Credit Insurance Disclosure for pricing and/or term information.

Single Credit Life

**Satisfaction Guarantee**
Because we want you to be completely satisfied, we offer a Satisfaction Guarantee. If for any reason you are not satisfied with your loan and you repay it in full within 10 days after the loan funds are disbursed, other than with a refinance of this loan with us, we will refund any interest charges and fees.

I understand these key loan terms:

Borrower: _[signed] Debra A. Naddeo_  Date: 11/10/05
DEBRA A. NADDEO

Witness: _[signed]_  Date: 11/10/05

11/10/2005 08:50

0112LE07



NADDEO ^ ORIGINAL